**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-5020**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

WILLIAM THOMAS GARDNER,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:12-cr-00031-GMG-DJJ-1)

───────────

Submitted:  July 25, 2013                    Decided:  July 29, 2013

───────────

Before GREGORY, DAVIS, and THACKER, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

William T. Rice, Martinsburg, West Virginia, for Appellant. Robert Hugh McWilliams, Jr., Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Thomas Gardner pled guilty, pursuant to a plea agreement, to distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) (2006). The court sentenced Gardner as a career offender to a below-Guidelines sentence of 120 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court properly calculated the criminal history score and whether the court properly sentenced Gardner as a career offender. Gardner was advised of his right to file a pro se supplemental brief, but he did not do so. We affirm.

We review Gardner's sentence for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). After reviewing the sentencing transcript pursuant to Anders, we conclude that Gardner's sentence is procedurally and substantively reasonable. See id. at 49-51 (listing factors for court to consider when determining procedural reasonableness); United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012) (holding that below-Guidelines sentence is presumptively reasonable); United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (holding that defendant bears burden of showing "that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553(a) [(2006)] factors"

2

(internal quotation marks omitted)). Notably, we conclude that the district court correctly calculated Gardner's criminal history score, as the sentence for the prior robbery conviction he challenges on appeal was imposed within fifteen years of the commencement of Gardner's offense. See U.S. Sentencing Guidelines Manual § 4A1.2(e)(1) (2011). We also conclude that, because Gardner had two prior felony convictions for crimes of violence, the district court properly classified him as a career offender. Id. § 4B1.1(a).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Gardner, in writing, of the right to petition the Supreme Court of the United States for further review. If Gardner requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gardner.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3